WEBER v. MARQUETTE CIRCUIT JUDGE.

APPEAL—RECORD—SETTLEMENT OF CASE—EXTENSION OF TIME.

A complainant is not entitled to have an order extending the time for settling a case for review beyond four months from date of decree vacated on *mandamus*, where his own inability to furnish defendant with copies of his exhibits is the occasion of the delay in settlement.

*Mandamus* by William C. Weber to compel John W. Stone, circuit judge of Marquette county, to set aside an order extending the time for the settlement of a case for review. Submitted January 8, 1901. Writ denied February 27, 1901.

*Ball & Ball*, for relator.

*Button & Culver*, for respondent.

PER CURIAM. This is an application for a *mandamus* to compel the circuit judge to set aside an order for the settlement of a chancery case for review at a date later than four months from the entry of the decree.

It appears that an order extending the time for settlement of the case to the limit of four months had been regularly entered. On the 6th day of December the parties were before the court, and complainant's solicitor, while objecting to the time as too short, stated that he would do what he could to examine the case and prepare amendments before 5 o'clock of December 7th. On the 7th he appeared and stated that he had not had sufficient time, and objected to a settlement of the case or any postponement. The circuit judge, however, stated that he would either sign the case then and there, or allow complainant's solicitor more time, at the latter's option. He returns that the relator's solicitor replied that while they did not want to be placed in the position of asking for

time, but, rather, protested against the allowance of more time, still they would say that, if the court extended the time, they would probably prepare and submit amendments. The court thereupon entered an order extending the time beyond the four months.

It appears to us, as it did to the circuit judge, that, near the close of the time fixed by the final extension for the settlement of the case, the defendant's solicitors were delayed in submitting the case by reason of complainant's solicitors being unable to furnish the complainant's exhibits to be incorporated in the proposed case. The case is within the principle of the case of *City of Kalamazoo* v. *Kalamazoo Heat, Light & Power Co.*, 122 Mich. 489 (81 N. W. 426). In that case the appealing party was delayed by the default of an officer of the court. In the present case it appears that the appellant would have been able to settle the case if the exhibits had been furnished on request. The delay, which was not anticipated, while not due to captiousness on the part of the solicitors, was owing to the exhibits being in a distant city, and to the fact that, when they were received by complainant's solicitors, the defendant's solicitors were compelled to wait until copies were furnished by complainant's solicitors.

Under the circumstances, we think the case should be settled for review, and the application will be denied.